UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD LEE SWACKHAMMER,

    Plaintiff,                                    Hon. Wendell A. Miles

v.                                                Case No. 4:03 CV 82

DAN BOLDEN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Goodspeed's Motion for Summary Judgment. (Dkt. #72). Pursuant to 28 U.S.C. § 636(b)(1)(B) granting authority for United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of motions for summary judgment, the undersigned recommends that Defendant's motion be **denied**.

## BACKGROUND

In his amended complaint, Plaintiff alleged that Defendant Nicewander subjected to him an improper strip-search in violation of his constitutional rights. Plaintiff further asserted that Defendant Goodspeed impermissibly retaliated against him, in violation of his First and Fourteenth Amendment rights, for filing a grievance against Defendant Nicewander. Defendants each filed motions for summary judgment. The Honorable Wendell A. Miles determined that both of Defendants' motions should be granted and dismissed Plaintiff's action. Plaintiff appealed the matter to the Sixth Circuit Court of

Appeals which affirmed the district court's decision, except as to Defendant Goodspeed's First Amendment retaliation claim which it remanded for further proceedings.

Defendant Goodspeed now moves for summary judgment. Defendant asserts that Plaintiff's claim against him must be dismissed for Plaintiff's failure to comply with the total exhaustion rule articulated in *Jones-Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005). As Defendant recognizes, however, the Sixth Circuit subsequently revisited the total exhaustion rule in *Spencer v. Bouchard*, 449 F.3d 721 (6th Cir. 2006). The *Bouchard* court rejected the conclusion reached by the *Jones-Bey* court, expressly holding that "the partial-exhaustion rule is the law of this circuit." *Id.* at 726.

This Court is bound by the most recent decision of the Sixth Circuit on this particular issue. Accordingly, the Court recommends that Defendant's motion to dismiss for failure to comply with the total exhaustion rule be **denied**.

The undersigned recommends that the Court also decline Defendant's invitation to hold the present matter in abeyance, pending a decision by the United States Supreme Court in *Williams v. Overton*, which purportedly will resolve the total-exhaustion versus partial-exhaustion debate. The present action began more than three years ago and needs to proceed without undue delay. Furthermore, the Court simply cannot stay each and every case in which a decision from another court may impact the law applicable thereto, as such would unduly delay the resolution of the Court's substantial caseload. The Court, therefore, **denies** Defendant's motion to hold this matter in abeyance.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant Goodspeed's Motion for Summary Judgment, (dkt. #72), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: September 28, 2006                         /s/ Ellen S. Carmody
                                                 ELLEN S. CARMODY
                                                 United States Magistrate Judge