UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD LEE SWACKHAMMER,

    Plaintiff,

v                                      Case No. 4:03-cv-82

DAN BOLDEN,                              Hon. Wendell A. Miles
SGT. NICEWANDER, and
CORRECTIONS OFFICER GOODSPEED,
individually and jointly,

    Defendants.
_____/

ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

      This is a civil rights action brought by a Michigan prisoner pursuant to 42 U.S.C. § 1983. The case is back before this court on remand from the United States Court of Appeals for the Sixth Circuit on plaintiff's claim of First Amendment retaliation against defendant Goodspeed.

      After the remand, Goodspeed filed a motion for summary judgment, arguing that this court should have dismissed this action in its entirety without prejudice based on plaintiff's failure to produce any evidence that he exhausted his administrative remedies against six of the original seven defendants. On September 28, 2006, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R & R") recommending that this motion be denied. Defendant Goodspeed has filed timely objections to the R & R (docket no. 84).

      The court, having reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action, having reviewed the file in this matter, and having reviewed the

defendant's objections to the R & R, agrees with the Magistrate Judge's conclusion that the motion to dismiss should be denied, but based upon different reasoning.

In her R & R, the Magistrate Judge concluded that this court is bound by Spencer v. Bouchard, 449 F.3d 721, 726 (6th Cir. 2006), which holds that "the partial-exhaustion rule is the law of this circuit." The Magistrate Judge concluded that Spencer must be applied rather than the total exhaustion rule previously articulated in Jones-Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005), because "[t]his Court is bound by the most recent decision of the Sixth Circuit on this particular issue." R & R at 2. Defendant Goodspeed objects to the Magistrate Judge's refusal to apply Jones-Bey.

I am not aware of any authority which requires district courts to follow the most recent decision of the Sixth Circuit in the event of a conflict. Moreover, I am not convinced that Spencer was correctly decided either in substance or in following an earlier case, Hartsfield v. Vidor, 199 F.3d 305 (6th Cir. 1999), which did not truly address the question of exhaustion. I conclude that each judge who must decide these cases should, in the absence of clear and consistent controlling authority either from the Sixth Circuit or from the Supreme Court, exercise independent judgment on whether to follow Spencer and permit partial exhaustion or whether to follow pre-Spencer cases which require total exhaustion. Because complete exhaustion appears to be mandated by the language of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), I am inclined to follow the total exhaustion rule of Jones-Bey and not the partial exhaustion rule of Spencer.

The Supreme Court has granted certiorari in two cases which could shed further light on this issue, Jones v. Bock, No. 03-2576, 2005 WL 1400205 (6th Cir. June 15, 2005), cert. granted,

126 S.Ct. 1462 (Mar. 6, 2006) and Williams v. Overton, No. 03-2507, 2005 WL 1513102 (6th Cir. June 22, 2005), cert. granted, 126 S.Ct. 1463 (Mar. 6, 2006).  Oral arguments were heard in those cases on October 30, 2006, which could mean that the Supreme Court will soon issue its decision.  In view of this circumstance, defendant Goodspeed has, in his objections, urged the court, as an alternative to applying the total exhaustion rule, to stay this matter in its entirety pending the Supreme Court's decision.  In her R & R, the Magistrate Judge denied Goodspeed's request to stay this matter.

The court agrees with the Magistrate Judge that this matter, which has now been pending for approximately three and one-half years, should proceed without undue delay, particularly insofar as the case has already been the subject of one appeal.  The court also concludes that because this case has already been the subject of an appeal, the law of the case doctrine applies and requires this court to permit plaintiff's action to proceed.  Under the law of the case doctrine, "a court should not reopen issues decided in earlier stages of the same litigation."  Agostini v. Felton, 521 U.S. 203, 236, 117 S.Ct. 1997, 2017 (1997).  The doctrine is a "rule of practice" which promotes finality and efficiency by protecting against the agitation of settled issues. Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 815-816, 108 S.Ct. 2166, 2177 (1988).  "The law of the case doctrine and the mandate rule generally preclude a lower court from reconsidering an issue expressly or impliedly decided by a superior court."  United States v. Moored, 38 F.3d 1419, 1421 (6th Cir. 1994).

On appeal, the Sixth Circuit expressly held that plaintiff had "exhausted his remedies" in filing grievances as to defendants Nicewander and Goodspeed, who were the only defendants in the case at that time.  Swackhammer v. Martin, No. 04-2449, Order at 2 (6th Cir. Apr. 24, 2006).

3

Having expressly held that plaintiff had exhausted his remedies as to the only defendants in the case, the appellate court therefore impliedly also decided that lack of exhaustion did not provide a basis on which to affirm the district court's grant of summary judgment in favor of defendant Goodspeed.[1]  Under the circumstances, the law of the case doctrine precludes this court from granting summary judgment in favor of Goodspeed based on lack of exhaustion.  Cf. Clifford v. Gibbs, 298 F.3d 328, 331 (5th Cir. 2002) (district court's conclusion that plaintiff failed to exhaust his administrative remedies was not barred by law of the case doctrine where prior opinion did not consider the issue either explicitly or implicitly).

As the Sixth Circuit has held, however, "this 'law of the case' doctrine is 'directed to a court's common sense' and is not an 'inexorable command.'"  Hanover Ins. Co. v. American Eng'g Co., 105 F.3d 306, 312 (6th Cir. 1997) (citation omitted).  A court may reconsider a prior ruling if convinced that the ruling is "clearly erroneous and would work a manifest injustice[,]"  Arizona v. California, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391 n.8 (1983), or "where a subsequent contrary view of the law is decided by the controlling authority[.]"  Hanover Ins., 105 F.3d at 312.  Although this court's own view that Jones-Bey's total exhaustion rule is correct does not provide a basis for deviating from the law of the case doctrine, should developments in the Supreme Court warrant revisiting the issue of exhaustion in this matter under the exceptions to the doctrine, defendant Goodspeed may request reconsideration at that time.

---

[1] This holding was implicit because the court would have been required to dismiss plaintiff's complaint *sua sponte* absent particularized averments alleging exhaustion.  E.g., Baxter v. Rose, 305 F.3d 486-489 (6th Cir. 2002).  In addition, because plaintiff had been allowed to amend his complaint, the court was required to examine the most recent version of the pleading for its allegations of exhaustion.  Williams v. McLemore, No. 04-2034, 148 Fed. Appx. 342, 344 (6th Cir. July 27, 2005).

## **Conclusion**

Defendant Goodspeed's motion (docket no. 72) is DENIED.

So ordered this 1st day of November, 2006.

    /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge