UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD LEE SWACKHAMMER #259552,

   Plaintiff,

                 File No.  4:03-CV-82

v.

                 HON. ROBERT HOLMES BELL

ROBERT GOODSPEED,

   Defendant.
              /

**O P I N I O N**

In this 42 U.S.C. § 1983 prisoner civil rights action Plaintiff Donald Lee Swackhammer alleges that Defendant Robert Goodspeed violated his First Amendment rights by filing a major misconduct ticket against him in retaliation for Plaintiff's filing of grievances.

Defendant has moved for summary judgment on the basis that Plaintiff has failed to demonstrate that he suffered a physical injury.  Defendant contends that the only possible consequences Plaintiff could have suffered would have been mental and emotional injuries, and that, pursuant to 42 U.S.C. § 1997e(e), such injuries are not compensable in the absence of physical injury.

Plaintiff contends that § 1997e(e) does not apply to First Amendment retaliation claims.  In the alternative, Plaintiff requests the Court to find that even if § 1997e(e) applies

to First Amendment retaliation claims, Plaintiff is still entitled, at a minimum, to recover for nominal and punitive damages.

**I.**

Section 1997e(e) provides:

No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a showing of physical injury.

42 U.S.C. § 1997e(e).

In reviewing Defendant's motion for summary judgment, the Court must first consider Plaintiff's contention that § 1997e(e) does not apply to First Amendment retaliation claims. This issue has not been directly addressed by the Sixth Circuit.

Section 1997e(e) provides that "no federal civil action" may be brought for mental or emotional injury in the absence of physical injury. The plain language of the statute applies to all prisoner civil claims. It does not carve out an exception for First Amendment or other constitutional claims. The majority of circuit courts that have considered the issue hold that § 1997e(e)'s limitation on damages applies to all federal prisoner lawsuits, including First Amendment claims. *See Taylor v. United States*, 161 F. App'x 483, 487 (6th Cir. 2005) (unpublished) (finding no necessity to reach the issue, but noting that the majority of courts hold that § 1997e(e) applies to all federal prisoner lawsuits); *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (holding that § 1997e(e) applies to a prisoner's First Amendment claims and that the prisoner's failure to allege physical injury precluded him from recovering

compensatory damages for emotional or mental injuries allegedly suffered as a result of the purported First Amendment violation); *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (joining the majority of courts in construing § 1997e(e) as limiting recovery for mental or emotional injury in all federal actions brought by prisoners, including First Amendment claims) (citing cases); *Thompson v. Carter*, 284 F.3d 411, 417 (2d Cir. 2002) ("Because the words '[f]ederal civil action' are not qualified, they include federal civil actions brought to vindicate constitutional rights."); *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) (holding that "because of its plain language" § 1997e(e) applies to a prisoner's First Amendment claim); *Allah v. Al-Hafeez*, 226 F.3d 247, 250 (3d Cir. 2000) (holding that § 1997e(e) applies to a First Amendment claim because "[t]he plain language of § 1997e(e) makes no distinction between the various claims encompassed within the phrase 'federal civil action' to which the section applies"); *Cassidy v. Indiana Dep't of Corr.*, 199 F.3d 374, 376 (7th Cir. 2000) (holding that the "plain language of section 1997e(e) precludes exempting constitutional torts").

The Ninth Circuit stands alone in holding that § 1997e(e) does not apply to First amendment claims. *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998) ("§ 1997e(e) does not apply to First Amendment Claims regardless of the form of relief sought.").[1]

---

[1] Because § 1997e(e), by its terms, applies only to claims for mental or emotional injury, claims for other types of injury do not implicate the statute. *Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999) (citing *Robinson v. Page*, 170 F.3d 747, 748 (7th Cir. 1999)). The plaintiff in *Canell* did not assert a claim for "mental or emotional injury." 143 F.3d at 1213. Accordingly, his claims did not implicate § 1997e(e), and the Ninth Circuit's determination that § 1997e(e) does not apply to First Amendment claims appears to be dictum.

3

The Sixth Circuit has not yet published any case law on the issue of whether § 1997e(e) applies to First Amendment claims. In an unpublished decision the Sixth Circuit held that while most of the prisoner-plaintiff's claims for money damages were precluded under § 1997e(e), his First Amendment retaliation claim was not precluded. *Williams v. Ollis*, Nos. 99-2168, 99-2234, 2000 WL 1434459, at *2 (6th Cir. Sept. 18, 2000) (citing *Canell*, 143 F.3d at 1213). Although the court in *Williams* permitted the prisoner to pursue his First Amendment claim, the Sixth Circuit did not suggest that § 1997e(e) did not apply to his First Amendment claim, nor did it suggest that the prisoner could seek damages for mental and emotional injuries in the absence of a physical injury. It merely held that § 1997e(e) did not bar his First Amendment claim. Because the plaintiff in *Williams* sought compensatory and punitive damages as well as declaratory and injunctive relief, *id.* at *1, *Williams* should be understood as no more than an indication that the Sixth Circuit is likely to recognize that in the absence of physical injury, a prisoner still has a right seek relief other than mental or emotional damages for a First Amendment violation.

The Court concludes that the Sixth Circuit is likely to follow the majority of circuits in holding that § 1997e(e) applies to all prisoner claims, including First Amendment claims. Nevertheless, this conclusion does not persuade the Court to adopt Defendant's assertion that if § 1997e(e) is applied, Plaintiff's claim must be dismissed because he cannot show physical injury. The Court notes that "seldom is the case when a prisoner will actually sustain a physical injury from a First Amendment deprivation." *Percival v. Rowley*, No. 1:02-CV-363, 2005 WL 2572034, at *2 (W.D. Mich. Oct. 12, 2005) (Enslen, S.J.). Accordingly, if this

Court were to read § 1997e(e) in the manner Defendant proposes, it would "allow[] prison officials to violate inmate First Amendment rights with impunity, resolute in the knowledge that a First Amendment physical injury will virtually never manifest itself within the meaning of section 1997e(e) . . . ." This is not what Congress intended when it passed the Act. *Id.*

A prisoner need not demonstrate physical injury to establish a First Amendment claim. *See Percival*, 2005 WL 2572034, at *3. A prisoner is entitled to judicial relief for a violation of his First Amendment rights aside from any physical, mental, or emotional injury he may have sustained. *Rowe v. Shake*, 196 F.3d 778, 781-82 (7th Cir. 1999). *See also Canell*, 143 F.3d at 1213 ("The deprivation of First Amendment rights entitles a plaintiff to judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred."). The majority of circuits that have considered the issue have concluded that § 1997e(e) does not bar claims for nominal damages, punitive damages, injunctive relief, or declaratory relief. *See Mayfield v. Texas Dep't of Criminal Justice*, 529 F.3d 599, 606 (5th Cir. 2008) ("Despite the limitations imposed by § 1997e(e), we have recognized that a prisoner can, absent a showing of physical injury, pursue punitive or nominal damages based upon a violation of his constitutional rights."); *Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir. 2007) ("§ 1997(e) does not preclude a prisoner from seeking nominal damages if he can establish that he has suffered a constitutional injury."); *Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003) (citing cases from the Second, Third, Seventh, Ninth, and Tenth Circuits that have interpreted § 1997e(e) not to preclude a prisoner from seeking nominal damages); *Thompson*, 284 F.3d at 416 ("Because Section 1997e(e) is a limitation on recovery of

damages for mental and emotional injury in the absence of a showing of physical injury, it does not restrict a plaintiff's ability to recover compensatory damages for actual injury, nominal or punitive damages, or injunctive and declaratory relief.").

Nominal damages are appropriate even if a prisoner cannot prove actual injury sufficient to entitle him to compensatory damages. *Hughes*, 350 F.3d at 1162 (citing *Carey v. Piphus*, 435 U.S. 247, 255 (1978)); *Allah*, 226 F.3d at 251 ("[T]he Supreme Court recognized in both *Carey* and *Stachura* that certain absolute constitutional rights may be vindicated by an award of nominal damages in the absence of any showing of injury warranting compensatory damages.") (citing *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308 n.11 (1986); *Carey*, 435 U.S. at 266). *See also Wolfel v. Bates*, 707 F.2d 932, 934 (6th Cir. 1983) (upholding an award of nominal damages where prison officials were properly held liable for violating a prisoner's First Amendment rights) (decided prior to enactment of § 1997e(e)) (citing *Carey*, 435 U.S. at 267).

In his amended complaint Plaintiff has requested declaratory and injunctive relief, compensatory damages for mental and emotional injuries, and punitive damages. (Dkt. No. 32, ¶¶ 107-24.) Although Plaintiff's complaint does not request an award of nominal damages, his *pro se* complaint requesting damages for violation of his constitutional rights will be liberally construed to assert such a request.

The Court concludes that § 1997e(e) applies to a prisoner's First Amendment claims, and that it bars Plaintiff's claim for mental and emotional damages if he cannot show a physical injury. However, the Court also concludes that § 1997e(e) does not bar a prisoner

from recovering nominal and punitive damages for First Amendment violations, even in the absence of physical injury. Accordingly, Defendant's motion for summary judgment will be denied.

An order consistent with this opinion will be entered.


Dated: January 26, 2009 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE