UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD LEE SWACKHAMMER #259552,

    Plaintiff,

v.

ROBERT GOODSPEED,

    Defendant.
                              /

File No. 4:03-CV-82

HON. ROBERT HOLMES BELL

**OPINION**

    This prisoner civil rights case comes before the Court on Plaintiff Donald Lee Swackhammer's motions in limine to exclude evidence or argument regarding Plaintiff's alleged history of filing frivolous grievances, Plaintiff's prior convictions, and Plaintiff's major misconduct violations. (Dkt. Nos. 120, 122, 124.)

**I.**

    Plaintiff moves to exclude evidence or argument regarding his alleged history of filing frivolous grievances and the fact that he was placed on modified access to the grievance process. (Dkt. No. 120.)

    Plaintiff acknowledged that the was on modified access to the grievance process in his February 9, 2002, grievance against Defendant. Defendant contends that if Plaintiff is permitted to introduce his January 23, 2002, grievance against Sergeant Nicewander, then

Defendant should be able to introduce Plaintiff's February 9, 2002, grievance against Defendant.

In order to establish his claim of retaliation Plaintiff must show that (1) he engaged in protected conduct; (2) the defendant took an adverse action against him "that would deter a person of ordinary firmness from continuing to engage in that conduct"; and (3) that the adverse action was taken (at least in part) because of the protected conduct. *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)).

Plaintiff's theory in this case is that Defendant retaliated against him for filing the grievance against Nicewander. The grievance against Nicewander is accordingly central to the first prong of Plaintiff's retaliation claim.

Plaintiff's grievance against Defendant concerns Plaintiff's claim that Defendant filed a major misconduct against Plaintiff in retaliation for the Nicewander grievance. The subject matter of the grievance mirrors the subject matter of this case. However, that does not in itself make the grievance relevant to any issues in this case. Defendant has not demonstrated what relevance Plaintiff's grievance against Defendant has to the issues in this case. Defendant merely contends that Plaintiff should not be able to use one grievance to show Plaintiff's good character, and then exclude a second grievance because it casts Plaintiff in a poor light.

It appears that Plaintiff's grievance against Defendant, and Plaintiff's alleged history of filing frivolous grievances, have little, if any, relevance to the issues in this case and that they are likely to confuse the issues, and needlessly prolong the trial. The Court will accordingly grant Plaintiff's motion to exclude his grievance-filing history, with the caveat that his grievance-filing history or particular grievances may be introduced for impeachment or other purposes if Plaintiff opens the door by placing them into issue.

## II.

Plaintiff moves to exclude evidence or argument regarding his prior convictions. (Dkt. No. 122.) This motion is governed by Federal Rule of Evidence 609, which provides that a witness's felony conviction "shall be admitted subject to Rule 403." Fed. R. Evid. 609(a)(1). In other words, the general rule allows the use of a felony conviction for purposes of attacking a witness's character unless its probative value is "substantially outweighed" by "unfair prejudice" or other considerations. Fed. R. Evid. 403. *See Brown v. Mich. Dep't of Corrs.*, No. 01-2701, 41 F. App'x 831, 2002 WL 1879953, at *1 (6th Cir. Aug. 14, 2002) ("Generally, evidence of a conviction is admissible under Fed. R. Evid. 609 for attacking the credibility of a witness."). "'Unfair prejudice' means the *undue* tendency to suggest a decision based on improper considerations; it 'does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence.'" *Doe v. Claiborne County*, 103 F.3d 495, 515 (6th Cir. 1996) (emphasis in original) (quoting *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993)).

3

Defendant contends that Plaintiff's prior convictions for escape, possession of a firearm by a felon, bank robbery, and possession of a firearm during the commission of a felony are relevant to Plaintiff's credibility and are not substantially more prejudicial than probative.

In the context of this trial the jury will be aware that Plaintiff is imprisoned and that he must therefore have a felony conviction. The only additional information Defendant intends to elicit are the crimes charged, the date, and the disposition. Defendant's counsel acknowledges that in using a conviction for impeachment purposes he cannot go into the underlying facts of the crime and he has assured the Court that he will not do so. (Dkt. No. 133, Def. Resp. 2.) The Court is satisfied that the probative value of the fact of Plaintiff's convictions is not substantially outweighed by the danger of unfair prejudice. The Court will accordingly deny Plaintiff's motion to exclude evidence of prior convictions.

### III.

Plaintiff moves to exclude evidence or argument regarding his major misconduct violations. Plaintiff contends that his major misconduct history is irrelevant to the current dispute, and that, even if relevant, it would be unfairly prejudicial, confuse the issues, needlessly waste time, and prolong the trial. In addition, Plaintiff contends that the evidence constitutes impermissible character evidence.

Defendant contends that he should be permitted to introduce a summary of the Plaintiff's history of major misconduct violations if Plaintiff testifies that he suffered harm

because of the major misconduct.  According to Defendant, it would be unfair for Plaintiff to argue that his February 9, 2002, major misconduct had a profound impact on him when his history of ten major misconduct violations before that date and twelve major misconduct violations after that date, each of which had the similar potential to cause him to lose disciplinary credits indicates that the threat of a violation caused him very little or no fear.

Plaintiff's prior and subsequent history of misconducts has little, if any, relevance to the issues in this case, particularly in light of this Court's previous ruling that pursuant to 42 U.S.C. § 1997e(e) Plaintiff cannot recover for mental and emotional damages unless he can show a physical injury.  (Dkt. No. 136.)  Moreover, this history would likely confuse the issues and needlessly prolong the trial.  The Court will accordingly grant Plaintiff's motion to exclude his history of misconducts, with the caveat that his history of misconducts may be introduced for impeachment or other purposes if Plaintiff opens the door by placing his history of misconducts into issue.

An order consistent with this opinion will be entered.


Dated: January 26, 2009                              /s/ Robert Holmes Bell
                                                     ROBERT HOLMES BELL
                                                     UNITED STATES DISTRICT JUDGE